**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NATIVE VILLAGE OF POINT HOPE; ALASKA WILDERNESS LEAGUE; CENTER FOR BIOLOGICAL DIVERSITY; NATURAL RESOURCES DEFENSE COUNCIL; PACIFIC ENVIRONMENT; RESISTING ENVIRONMENTAL DESTRUCTION ON INDIGENOUS LANDS, REDOIL; SIERRA CLUB; DEFENDERS OF WILDLIFE; NORTHERN ALASKA ENVIRONMENTAL CENTER; OCEANA, <br><br> Petitioners, <br><br> v. <br><br> KEN SALAZAR, Secretary Of The Interior; MINERALS MANAGEMENT SERVICE, <br><br> Respondents, <br><br> STATE OF ALASKA; SHELL OFFSHORE INC., <br><br> Respondents-Intervenors. | No. 09-73942 <br><br><br> MEMORANDUM[*] |

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

| | |
|---|---|
| ALASKA ESKIMO WHALING COMMISSION; INUPIAT COMMUNITY OF THE ARCTIC SLOPE, <br><br> Petitioners, <br><br> SHELL OFFSHORE INC.; STATE OF ALASKA, <br><br> Intervenors, <br><br> v. <br><br> KEN SALAZAR, Secretary Of The Interior; MINERALS MANAGEMENT SERVICE, <br><br> Respondents. | No. 09-73944 |
| NATIVE VILLAGE OF POINT HOPE; ALASKA WILDERNESS LEAGUE; CENTER FOR BIOLOGICAL DIVERSITY; DEFENDERS OF WILDLIFE; NATURAL RESOURCES DEFENSE COUNCIL; NORTHERN ALASKA ENVIRONMENTAL CENTER; PACIFIC ENVIRONMENT; RESISTING ENVIRONMENTAL DESTRUCTION ON INDIGENOUS LANDS, REDOIL; SIERRA CLUB; OCEANA; NATIONAL AUDUBON SOCIETY, INC.; THE WILDERNESS SOCIETY, INC.; OCEAN CONSERVANCY, <br><br> Petitioners, | No. 10-70166 |

STATE OF ALASKA,

       Intervenor,

SHELL GULF OF MEXICO INC.,

       Intervenor,

  v.

KEN SALAZAR, Secretary Of The
Interior; MINERALS MANAGEMENT
SERVICE,

       Respondents.

---

ALASKA ESKIMO WHALING
COMMISSION; INUPIAT
COMMUNITY OF THE ARCTIC
SLOPE,

       Petitioners,

  v.

KEN SALAZAR, Secretary Of The
Interior; MINERALS MANAGEMENT
SERVICE,

       Respondents,

SHELL GULF OF MEXICO INC.,

       Respondent-Intervenor.

No. 10-70368

On Petition for Review of a Final Agency Action

Minerals Management Service

Argued and Submitted May 6, 2010
Portland, Oregon

Before: KOZINSKI, Chief Judge, BEA and IKUTA, Circuit Judges.

In these expedited petitions for review, we consider the allegations of Native Village of Point Hope (NVPH) and Alaska Eskimo Whaling Commission (AEWC) (collectively, "petitioners") that the Minerals Management Service (MMS) failed to discharge its obligations under the National Environmental Policy Act (NEPA) and the Outer Continental Shelf Lands Act (OCSLA) in approving Shell Offshore Inc. and Shell Gulf of Mexico Inc.'s (collectively, "Shell") proposed Beaufort and Chukchi Sea Exploration Plans. According to the petitioners, there are multiple deficiencies in the two Environmental Assessments prepared by the MMS, as well as deficiencies in both of Shell's proposed exploration plans.

We have carefully reviewed the thousands of pages of record and considered each of the alleged deficiencies in context. Under our deferential standard of review, we conclude that, as to both exploration plans, the MMS has met its obligations under NEPA to take a "hard look at the consequences of its actions," to "base[] its decision on a consideration of the relevant factors," and to "provide[] a

4

convincing statement of reasons to explain why a project's impacts are insignificant." *Nat'l Parks & Conservation Ass'n v. Babbitt*, 241 F.3d 722, 730 (9th Cir. 2001) (alteration, citations, and internal quotation marks omitted). Based on our thorough review of the record, we also conclude that the MMS's decision to approve Shell's exploration plans under OCSLA was "supported by substantial evidence on the record considered as a whole." 43 U.S.C. § 1349(c)(6). In addition, because petitioners failed to prove that the MMS "relied on factors Congress did not intend it to consider, entirely failed to consider an important aspect of the problem, or offered an explanation that runs counter to the evidence before [the MMS] or is so implausible that it could not be ascribed to a difference in view or product of agency expertise," *Lands Council v. McNair*, 537 F.3d 981, 987 (9th Cir. 2008) (en banc) (internal quotation marks omitted), we conclude that the MMS did not act arbitrarily or capriciously. Accordingly, we deny the petitions and grant Shell's motion to strike the petitioners' extra-record declarations. Because of the expedited nature of this case, no motions to stay the mandate will be granted.

    **DENIED**.